IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICKY WILLIAMS                          )
                                        )        No. 3-13-1229
v.                                      )
                                        )
GREGORY VEACH; and STEVENS              )
TRANSPORT, INC.                         )

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' initial case management order, with modifications addressed at the initial case management conference held on February 5, 2014. Those modifications and other matters addressed on February 5, 2014, are as follows:

1.    Defendant Veach shall file an answer to the complaint by February 14, 2014.

2.    By February 21, 2014, the parties shall file a stipulation or agreed order of dismissal of any claims against Tennessee Farmers Mutual Insurance Company, the plaintiff's uninsured motorist carrier, and the cross-claim filed by Tennessee Farmers against defendant Stevens Transport, Inc.

3.    The defendants shall have until March 21, 2014, to serve responses to the plaintiff's written discovery.

4.    By April 7, 2014, the parties shall file a joint status report indicating the status of the plaintiff's medical treatment, specifically, whether she has had or is scheduled to have surgery and, if so, when, or whether it has been determined that she will not need surgery. A further conference call with counsel for the parties and the Court will be scheduled, taking into account whether or not surgery has taken place or is scheduled, to address the potential for settlement, propriety of ADR, and any other appropriate matters.

5.    All written discovery shall be propounded by September 3, 2014.

6.     Any discovery motion shall be filed by September 12, 2014.  Alternatively, counsel for the parties shall, by September 12, 2014, schedule a telephone conference call with the undersigned Magistrate Judge to address any discovery issues or disputes.

7.     The plaintiff shall have until December 31, 2014, to serve any rebuttal expert disclosures.

8.     The provision including a deadline for the unnamed defendant to serve expert disclosures has been deleted.

9.     As provided in the contemporaneously entered order, any dispositive motion shall be filed by April 1, 2015.  Any response shall be filed within 21 days of the filing of the motion or by April 22, 2015, if the motion is filed on April 1, 2015.  Any reply shall be filed within 14 days of the filing of the response or by May 6, 2015, if the response is filed on April 22, 2015.

No other filings in support of or in opposition to any dispositive motion shall be made after May 6, 2015, except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the October 3, 2014, deadline for the parties to complete fact discovery or the January 30, 2015, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

The provision in the parties' proposed initial case management order relating to motions for partial summary judgment has been deleted.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, August 11, 2015, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last two (2) days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, August 7, 2015, if this case has settled.  Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, July 31, 2015, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By July 2, 2015, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By July 13, 2015, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony and any responses to objections to deposition testimony and proposed exhibits shall be filed by July 24, 2015.

By July 24, 2015, the parties shall also:

1.     File a proposed joint pretrial order, which shall include:

    (a)    a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;

    (b)    a short summary of the plaintiff's theory (no more than one page);

    (c)    a short summary of the defendants' theory (no more than one page each);

    (d)    a succinct statement of the relief sought;

    (e)    a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;

    (f)    any special trial procedural issues;

    (g)    a summary of any anticipated evidentiary issues;

    (h)    a statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and

    (i)    The estimated length of the trial.

2.     File pretrial briefs, including:

(a)     a concise statement of the facts;

(b)     a concise statement of the issues;

(c)     a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(d)     those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

(e)     what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3.     File any deposition transcripts that the parties expect to use at trial;

4.     Serve and file their respective final lists of witnesses and exhibits;

5.     File a listing of all agreed stipulations;[1] and

6.     File proposed jury instructions, any special interrogatories, and any special verdict forms.[2]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.


JULIET GRIFFIN
United States Magistrate Judge

---

[1] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[2] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.